FERDINAND J. McCANN, Respondent, *v.* GEORGE H. BEACH, Appellant.

A notary public has no authority under the statutes of this State to take the depositions of witnesses in any action pending within their own county; that power is delegated to commissioners.

See former case between the same parties.

APPEAL from the District Court of the 8th Judicial District, for the County of Yuba.

The plaintiff below filed his complaint against the appellant and John A. Sutter, upon an alleged promise to pay him $16 per copy for copying the list of shares in the town of Plermas, and averring that the plaintiff made sixty-three copies; for which the defendants had failed and refused to pay, &c. A partial payment was admitted, and a balance claimed of $880. The defendant Beach answered, denying the complaint generally. The plaintiff, on leave, amended his complaint by striking out the name of Sutter.

On the calling of the cause for trial, the defendant moved for a continuance, for the absence of material witnesses, who had been subpœned, and failed to attend; but no affidavit being ready, the Court refused to allow time to prepare one, and overruled the motion. The plaintiff offered in evidence the deposition of one Farley, a resident of Yuba county, taken before a notary public of the same county; to which the defendant objected, on the ground that a notary had no power to take the deposition of a witness residing in the county; but the objection was overruled. The defendant offered in evidence the judgment obtained against him by the plaintiff in the preceding cause, as showing a former recovery; but the evidence was excluded. The defendant excepted. The jury found a verdict for the plaintiff for $750, and judgment was rendered accordingly.

*A. Merrill,* for the appellant, made the following points: 1st. Farley's deposition was inadmissible, for the reasons stated in the preceding case. 2d. A continuance, or time to prepare affidavits, should have been granted. 3d. The evidence of the former recovery should have been admitted.

W. Walker, contrá.

Justice MURRAY delivered the opinion of the Court.   One of
the principal questions in this cause, is as to the power of nota-
ries public to take depositions.   This point has already been de-
cided in another case; and this cause must be governed by that
decision.

There are other errors patent upon the record, which it is un-
necessary to consider.   The rights of the parties cannot be ascer-
tained except by a new trial.

Ordered accordingly.